Reza Yassi, Pro Hac Vice Admission Pending
246 5th Avenue, Suite 508
New York City, NY 10001
Telephone: (646) 992-2138
Email: ry@yassilaw.com

Seth W. Wiener, California State Bar No. 203747
LAW OFFICES OF SETH W. WIENER
609 Karina Court
San Ramon, CA 94582
Telephone: (925) 487-5607
Email: seth@sethwienerlaw.com

Attorneys for Defendant and Counter-Complainant
GIFTCASH INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORSAIR GAMING INC. d/b/a/ CORSAIR,<br><br>Plaintiff,<br><br>vs.<br><br>GIFTCASH INC.,<br><br>Defendant. | Case No.: 5:25-cv-02390-BLF<br><br>**ANSWER AND COUNTER-CLAIMS** |

Defendant and Counter-Claimant GiftCash Inc. ("Defendant) hereby responds to the individually numbered paragraphs of the Complaint as follows:

1. Defendant denies the allegations in paragraph 1.

2. Defendant denies the allegations in paragraph 2.

3. Defendant denies the allegations in paragraph 3.

4. Defendant denies the allegations in paragraph 4.

5. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 and therefore denies them.

6. Defendant admits the allegations in paragraph 6.

7. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 and therefore denies them, particularly denying the allegation that Defendant is not authorized to sell the subject products.

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 and therefore denies them.

9. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 and therefore denies them.

10. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 and therefore denies them.

11. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 and therefore denies them.

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 and therefore denies them.

13. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 and therefore denies them.

14. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 and therefore denies them.

15. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 and therefore denies them.

16. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 and therefore denies them.

17. Defendant admits that it is not affiliated with Plaintiff, but denies that Defendant is not authorized to sell the subject products.

18. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 and therefore denies them.

19. Defendant admits the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 and therefore denies them.

23. Defendant denies the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 and therefore denies them.

29. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 and therefore denies them.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant denies the allegations in paragraph 32.

33. Defendant denies the allegations in paragraph 33.

34. Defendant denies the allegations in paragraph 34.

35. Defendant denies the allegations in paragraph 35.

36. Defendant denies the allegations in paragraph 36.

37. Defendant denies the allegations in paragraph 37.

38. Defendant denies the allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39.

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42.

43. Defendant denies the allegations in paragraph 43.

44. Defendant denies the allegations in paragraph 44.

45. Defendant admits the allegations in paragraph 45.

46. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46 and therefore denies them.

47. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 47 and therefore denies them.

48. Defendant denies the allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49.

50. Defendant denies the allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. Defendant denies the allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53.

54. Defendant denies the allegations in paragraph 54.

55. Defendant denies the allegations in paragraph 55.

56. Defendant denies the allegations in paragraph 56.

57. Defendant denies the allegations in paragraph 57.

58. Defendant denies the allegations in paragraph 58.

59. Defendant denies the allegations in paragraph 59.

60. Defendant denies the allegations in paragraph 60.

61. Defendant denies the allegations in paragraph 61.

62. Defendant denies the allegations in paragraph 62.

63. Defendant denies the allegations in paragraph 63.

64. Defendant admits the allegations in paragraph 64.

65. Defendant denies the allegations in paragraph 65.

66. Defendant denies the allegations in paragraph 66.

67. Defendant denies the allegations in paragraph 67.

68. Defendant denies the allegations in paragraph 68.

69. Defendant denies the allegations in paragraph 69.

# AFFIRMATIVE DEFENSES

Defendant asserts, without waiving any rights and reserving the right to assert additional defenses as may be available during the course of discovery or at trial, the following affirmative defenses:

1. **Failure to State a Claim Upon Which Relief Can Be Granted**

Plaintiff's Complaint, even if taken as true, fails to allege facts sufficient to constitute a cause of action under applicable law. (FRCP 8)

2. **First Trade Rule Defense**

Defendant asserts that its use of any marks, trade names, or designations is protected under the First Trade Rule, which permits the use of a mark that descriptively refers to one's goods or services regardless of similarity with another's mark.

3. **Fair Use Doctrine**

Defendant asserts that any use of materials alleged to be infringing is protected by the fair use doctrine. This affirmative defense applies to any claims involving intellectual property, as Defendant's use qualifies as fair and non-infringing under relevant statutory factors.

4. **Laches**

Defendant asserts that Plaintiff's claims are barred by the doctrine of laches. Plaintiff's unreasonable delay in asserting its rights has prejudiced Defendant's ability to mount an effective defense.

5. **Statute of Limitations**

Defendant asserts that Plaintiff's claims are time-barred by the applicable statute of limitations.

6. **Waiver and Estoppel**

Defendant asserts that Plaintiff's claims are waived or barred by the doctrines of waiver and estoppel due to Plaintiff's conduct, representations, or failure to assert its rights in a timely manner.

7. **Unclean Hands**

Defendant asserts that Plaintiff's claims are barred by the equitable doctrine of unclean hands because of Plaintiff's own misconduct related to the subject matter of this litigation.

8. **Res Judicata and Collateral Estoppel**

Defendant asserts that Plaintiff's claims are barred by the doctrines of res judicata and collateral

estoppel to the extent that similar claims have been previously litigated and adjudicated between the parties or their privies.

### 9. Lack of Standing

Defendant asserts that Plaintiff lacks the standing necessary to bring claims against Defendant.

### 10. Improper Venue

Defendant asserts that venue is improper in this Court and that the action should be transferred or dismissed accordingly.

### 11. Insufficient Service of Process

Defendant asserts that Plaintiff's service of process was deficient, thereby rendering this action procedurally defective.

### 12. Failure to Mitigate Damages

Defendant asserts that any damages allegedly incurred by Plaintiff have not been mitigated and that Plaintiff's recovery should be reduced accordingly.

### 13. Estoppel

Defendant asserts that Plaintiff is estopped from asserting the claims due to prior inconsistent representations or conduct regarding the disputed matters.

### 14. Acquiescence

Defendant asserts that Plaintiff's conduct and inaction in relation to the disputed practices constitute acquiescence, thereby negating any claims arising from those practices.

### 15. Fraud

Defendant asserts that any reliance on Plaintiff's representations is barred by the doctrine of fraud, as Plaintiff's conduct in connection with the claims was misleading and deceptive.

### 16. Mistake

Defendant asserts that any alleged wrongs were the result of a mutual mistake, negating the requisite intent or culpability necessary to support Plaintiff's claims.

### 17. Third Party Use

Defendant asserts that third parties have used similar marks for similar goods, indicating that Plaintiff's mark is weak and entitled to a narrow scope of protection.

18. **Avoidance by Operation of Law**

Defendant asserts that any other matter or circumstance that constitutes a legal avoidance of liability shall bar or mitigate Plaintiff's claims.

19. **Abandonment**

Defendant asserts that Plaintiff has abandoned its rights in the mark or subject matter, either through nonuse or an explicit relinquishment, which bars the asserted claims.

20. **Genericness**

Defendant asserts that the contested mark is generic in nature, rendering Plaintiff's claims to trademark protection invalid.

21. **Functionality**

Defendant asserts that the features of the mark or design are functional, and thus, are not subject to trademark protection.

22. **Absence of Likelihood of Confusion**

Defendant asserts that, even if similarities exist, there is no likelihood of confusion among consumers regarding the source of the goods or services.

23. **Lack of Secondary Meaning**

Defendant asserts that the contested mark has not acquired a secondary meaning in the minds of the public that would justify exclusive rights for Plaintiff.

24. **Development of Secondary Meaning**

Defendant asserts that any secondary meaning associated with the contested mark is either insufficient or developed under circumstances that do not warrant broad protection.

25. **Claim Preclusion**

Defendant asserts that similar claims have been litigated previously, thereby precluding the current claims under the doctrine of claim preclusion.

26. **Issue Preclusion**

Defendant asserts that specific issues raised in the current claims have already been decided against Plaintiff in previous litigation and are barred from re-litigation.

27. **License Estoppel**

Defendant asserts that any rights to use the disputed mark have been effectively licensed, precluding Plaintiff from alleging infringement or unauthorized use.

28. **Challenge to the Validity of Plaintiff's Registration**

Defendant asserts that Plaintiff's trademark registration is invalid based on various factors, including but not limited to prior registration rights, abandonment, genericness, functionality, absence of likelihood of confusion, lack or insufficient development of secondary meaning, and other related defenses.

29. **Other Defenses**

Defendant reserves the right to assert any and all additional affirmative defenses—whether legal, equitable, or factual—that may become available as discovery proceeds, including but not limited to defenses of contributory negligence, assumption of risk, or any other defense not herein specifically enumerated.

## COUNTERCLAIMS

Defendant/Counterclaim-Plaintiff GiftCash Inc., by and through its attorneys, alleges the following counterclaims against Plaintiff/Counterclaim-Defendant Corsair Gaming, Inc.:

1. GiftCash Inc. ("GiftCash") is a legitimate business that utilizes gift cards to purchase authentic goods from authorized retailers and resells them through various e-commerce platforms.

2. GiftCash's business model depends entirely on the sale of authentic and new merchandise. GiftCash does not, under any circumstances, traffic in used, non-genuine, or counterfeit goods.

3. Plaintiff Corsair Gaming, Inc. ("Corsair") is aware that GiftCash is engaged in lawful resale of genuine products but has nonetheless pursued a meritless campaign of harassment and interference designed to disrupt GiftCash's legitimate business operations.

4. Corsair is now attempting to redefine the term "new" to mean "covered by Corsair's warranty policy," even though warranty coverage is not determinative of whether a product is new under well-settled commercial and legal definitions.

5. Corsair's position misrepresents industry norms and amounts to a unilateral attempt to control secondary markets through baseless intellectual property and false advertising claims.

6. GiftCash's resale of genuine goods is protected under the First Sale Doctrine and the Fair Use Doctrine.

7. Upon information and belief, Corsair has reported GiftCash to Amazon and other platforms for allegedly selling counterfeit or unauthorized goods, despite knowing that GiftCash only sells genuine Corsair products.

8. Corsair has made similar defamatory and misleading statements to GiftCash's vendors, business partners, and platform operators, falsely implying that GiftCash is engaged in illegitimate or fraudulent practices.

9. Upon information and belief, Corsair has filed takedown notices and complaints to Amazon and other marketplaces claiming GiftCash's listings infringe intellectual property rights or violate Corsair's policies.

10. These notices are knowingly false and have resulted in the removal of listings, suspension of selling privileges, loss of revenue, and damage to GiftCash's relationships with its customers and business partners.

11. Corsair's actions have caused millions of dollars in lost sales and permanent harm to GiftCash's reputation and business operations.

12. Corsair's conduct is unlawful, malicious, and without legal or factual basis.

13. GiftCash brings the following counterclaims against Corsair.

**Counterclaim I: Intentional Interference with Contractual Relations**

16. Defendants hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

17. GiftCash had existing, valid, and enforceable contractual relationships with third-party vendors and marketplaces, including Amazon.

18. Corsair knew of these relationships.

19. Corsair intentionally interfered with these contracts by submitting false complaints, making defamatory statements, and attempting to persuade these platforms and vendors to cut ties with GiftCash.

20. These actions were undertaken without justification and with the intent to harm GiftCash's business.

21. As a direct and proximate result of Corsair's interference, GiftCash suffered substantial economic damages, including lost revenue, lost vendor relationships, and injury to business reputation.

**Counterclaim II: Defamation (Trade Libel)**

21. Defendants hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

22. Corsair made false and defamatory statements of fact to third parties—including Amazon and other vendors—asserting that GiftCash was selling counterfeit, non-genuine, or unauthorized goods.

23. These statements were false, defamatory, and made with actual malice or reckless disregard for the truth.

24. Corsair's statements were not privileged and were intended to harm GiftCash in its trade and profession.

25. As a result of these defamatory statements, GiftCash has suffered reputational harm, lost business opportunities, and economic damages.

**Counterclaim III: Unfair Competition – California Business & Professions Code § 17200 et seq.**

25. Defendants hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

26. Corsair's conduct, including false advertising, trade libel, and unlawful takedown notices, constitutes unlawful, unfair, and fraudulent business practices under California law.

27. Corsair's actions are likely to deceive the public and harm competition by suppressing lawful resellers such as GiftCash from engaging in commerce.

28. GiftCash is entitled to injunctive relief, restitution, and other appropriate remedies under the UCL.

**Counterclaim IV: Declaratory Judgment – 28 U.S.C. § 2201**

28. Defendants hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

29. An actual controversy exists between GiftCash and Corsair regarding the legality of GiftCash's resale of Corsair products.

30. GiftCash contends that its resale activities are lawful and protected by the First Sale Doctrine, while Corsair contends otherwise.

31. GiftCash seeks a declaration from this Court that:

a. GiftCash's resale of Corsair products is lawful;

b. GiftCash does not infringe any trademark or intellectual property rights;

c. Corsair's representations to the contrary are false and misleading.

## PRAYER FOR RELIEF

**WHEREFORE**, GiftCash respectfully requests judgment in its favor and against Corsair as follows:

1. For compensatory damages in an amount to be proven at trial;
2. For punitive damages;
3. For injunctive relief enjoining Corsair from further false representations and interference;
4. For declaratory relief as set forth above;
5. For costs of suit and attorneys' fees; and
6. For such other relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 3-6, Plaintiff demands a jury trial on all claims triable.

Dated: April 8, 2025                    LAW OFFICES OF SETH W. WIENER

By:_____
Seth W. Wiener
Attorney for Plaintiff
GIFTCASH INC.

Answer and Counter-Claims – Page 12

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2025, I served the foregoing through the Court's CM/ECF system, which sent notice to all counsel of record.

By: _____
SETH W. WIENER