Jason N. Haycock (SBN 278983)
Jason.Haycock@klgates.com
K. Taylor Yamahata (SBN 347192)
Taylor.Yamahata@klgates.com
K&L Gates LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA  9411

Telephone: +1 415 882 8200
Facsimile: +1 415.882.8220

*Attorneys for Plaintiff and Counterclaim-Defendant*
Corsair Gaming, Inc. d/b/a CORSAIR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Corsair Gaming, Inc. d/b/a CORSAIR,<br><br>Plaintiff,<br><br>v<br><br>GIFTCASH INC.,<br><br>Defendant.<br><br>GIFTCASH INC.,<br><br>Counterclaim-Plaintiff,<br><br>v<br><br>Corsair Gaming, Inc. d/b/a CORSAIR,<br><br>Counterclaim-Defendant. | Civil Action No.: 5:25-cv-02390-BLF<br><br>**CASE MANAGEMENT STATEMENT**<br><br>District Judge: Hon. Beth Labson Freeman |

Pursuant to the Courts Order dated March 11, 2025 (ECF 7), Judge Freeman's Standing Orders, the Standing Order for All Judges of the other District of California and L.R.16-9, Plaintiff/Counterclaim-Defendant Corsair Gaming Inc. ("CORSAIR" or "Plaintiff") and Defendant/Counterclaim-Plaintiff GiftCash Inc., ("GiftCash" or "Defendant") submit this Case Management Statement as follows:

1
CASE MANAGEMENT STATEMENT; Case No. 5:25-cv-02390-BLF

1. **Jurisdiction & Service**

The Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b), as these claims arise under the Trademark Laws of the United States, as asserted in CORSAIR's Complaint. Defendant denies the allegations as to the Court's jurisdiction, however, has not filed any motion to dismiss pursuant to the same. GiftCash has instead asserted Counterclaims against CORSAIR (ECF 15).

True and correct copies of the Complaint and Summons issued by the Court were served upon GiftCash on April 2, 2025. (ECF No. 17).

2. **Facts**

CORSAIR:

CORSAIR alleges that GiftCash is offering for sale "new" CORSAIR Products, despite the fact that they are used, closed-out, liquidated, counterfeit, and/or non-genuine product of unknown origin. CORSAIR has never authorized GiftCash to sell CORSAIR Products and GiftCash's wrongful and infringing promotion and sale of CORSAIR Products through online commerce sites amounts to false designation of origin, false advertising, and unfair competition arising under the Lanham Act and Business and Professions Code §§ 17200 *et seq.*

GiftCash advertises and sells CORSAIR branded products on Amazon.com under the seller name "Simple Works." Specifically, GiftCash advertises "new" CORSAIR Products but fulfills orders with liquidated, used, or non-genuine product of unknown origin.

GiftCash disputes these allegations.

GiftCash has brought counterclaims for: (i) Intentional Interference with Contractual Relations; (ii) Defamation; (iii) Unfair Competition pursuant to Business and Professions Code §§ 17200 et seq.; and (iv) Declaratory Judgment. CORSAIR denies the allegations.

GiftCash:

GiftCash asserts that Corsair is engaging in what can only be described as legal extortion. GiftCash is aware of similar lawsuits that Corsair has filed in recent months against Amazon storefronts and other third-party resellers that simply list Corsair-branded goods. These complaints fail to distinguish between genuine, closeout, or unauthorized goods. Corsair appears to be misusing

trademark litigation as a blunt instrument to restrict competition and enforce a de facto selective distribution system through litigation rather than proper channel agreements.

Corsair's actions include, upon information and belief, repeated submission of unfounded takedown notices to Amazon, falsely labeling GiftCash's genuine products as counterfeit, liquidated, or non-genuine. These actions have severely damaged GiftCash's commercial reputation, disrupted its lawful reseller operations, and caused significant economic loss.

GiftCash denies Corsair's allegations and contends that it lawfully resells genuine Corsair products under the First Sale Doctrine and nominative fair use principles. At no time has GiftCash sold counterfeit, tampered, or non-genuine goods, and Corsair's allegations are defamatory, malicious, and unsupported by evidence.

3. **Legal Issues**

CORSAIR:

This is an action for false designation of origin, false advertising, and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051, *et seq*. and Business and Professions Code §§ 17200 *et seq.* from GiftCash's wrongful and infringing promotion and sale of CORSAIR's products through online commerce sites, including but not limited to, Amazon.com.

GiftCash:

This is an action for:

- Intentional interference with contractual relations, specifically Corsair's disruption of GiftCash's seller relationship with Amazon;

- Defamation and trade libel, based on Corsair's false public and platform statements alleging the sale of counterfeit or non-genuine goods;

- Unfair competition under Cal. Bus. & Prof. Code § 17200, based on Corsair's use of takedown abuse to suppress legitimate competition;

- Declaratory judgment, under 28 U.S.C. § 2201, that GiftCash's resale activities are protected and non-infringing.

4. **Motions**

There are no pending motions at this time. The Parties each anticipate filing motions for summary judgments by the deadline for dispositive motions.

5. **Amendment of Pleadings**

CORSAIR and GiftCash do not anticipate any amended complaints at this time, but reserve the right to amend pursuant to Rule 15(a)(2), should additional evidence be discovered during the course of discovery. CORSAIR proposes that the deadline to amend be 30 days after the close of fact discovery.

6. **Evidence Preservation**

The parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and have begun to meet and confer pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. The parties each believe that they are complying in good faith with their obligations to preserve potentially relevant documents and evidence, including electronically stored information ("ESI"). The parties will continue to meet and confer in an effort to reach an agreement further delineating the procedures to be used in producing ESI. CORSAIR believes that more specific discussions, about the scope of document preservation activity, including electronic discovery, record management, and any related instructions or correspondence with potential or actual custodians, may be needed.

GiftCash believes that the lawsuit is baseless and is aware of other similar lawsuits that Corsair has filed to stifle competition in the last 6 months. GiftCash believes that a protective order is required to prevent a fishing expedition.

7. **Disclosures**

The Parties had their Rule 26(f) conference on May 15, 2025. Pursuant to the Federal Rules of Civil Procedure and the Courts Order (ECF 7), the Parties have agreed to make Rule 26 Initial Disclosures on or before June 13, 2025

8. **Discovery**

No discovery has been taken to date. Except with respect to the number of depositions discussed below, the Parties do not believe that limitations or modifications of the discovery rules

are necessary.

CORSAIR presently believes that the subjects on which discovery may be needed include the following:

- GiftCash's electronically stored information, which likely includes its advertisements on Amazon.com and elsewhere, communications regarding CORSAIR Products, sales data, consumer complaints and related communications concerning GiftCash's sale of products, product sourcing information, online posting information, and other relevant information.
- GiftCash's hardcopy files, which likely include its advertisements, communications, packaging, consumer complaints concerning its sales, sales information, product sourcing information and other relevant information.
- CORSAIR also believes discovery from GiftCash as to the following is required:
    - marketing, advertising, distribution and sale of products on Amazon.com and other online marketplaces;
    - source of the CORSAIR products it sells; and
    - sales and profits from the sale of CORSAIR-branded products;

GiftCash presently believes that the subjects on which discovery may be needed include the following:

GiftCash anticipates discovery into, among other things:

- Corsair's internal policies, procedures, and standards for filing Amazon takedown notices;
- The factual basis for Corsair's allegations against GiftCash and similar defendants;
- The identity and nature of other similarly situated third-party resellers targeted by Corsair;
- Communications with Amazon regarding takedown requests related to GiftCash;
- Any internal investigations or third-party reports relating to the genuineness of products sold by GiftCash.
- Any prelitigation investigation that occurred prior to the mass filing of the copycat complaints.
- Corsair's alleged TM rights.

- Discovery pertaining to other brands affiliated with Corsair, including "Elgato," "ORIGIN PC," "SCUF," and "Drop" brand names.

The Parties agree that there is a need for a protective order and ESI and propose submitting a protocol for the Court's consideration on or before June 26, 2025. The parties intend to enter a stipulation for protective order with two levels of confidentiality. The parties intend to use the Northern District of California's model Stipulated Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets and will submit their proposed order to the Court on or before June 26, 2025.

GiftCash believes a protective order is necessary. Corsair has filed numerous copycat lawsuits without conducting any reasonable inquiry into the defendants' conduct. GiftCash will not subject itself to a disproportionate and abusive discovery campaign designed not to gather relevant facts but to burden and punish a legitimate competitor. Corsair denies these allegations.

Corsair asserts that it is entitled to <u>6 non-expert depositions.</u>

GiftCash asserts that <u>neither party is entitled to more than one non-expert deposition.</u>

## 9. Class Actions

Not applicable.

## 10. Related Cases

CORSAIR contends that no case has been marked related to the present action.

Giftcash asserts that the following cases are related and reflective of Corsair's baseless lawsuit:

| Party Name | Case Number | Case title | Court | Date Filed |
|---|---|---|---|---|
| Corsair Gaming, Inc. (pla) | 3:2024cv07729 | Corsair Gaming, Inc. v. Mobile Monster, Inc. | California Northern District Court | 11/6/24 |
| Corsair Gaming, Inc. (pla) | 4:2024cv07706 | Corsair Gaming, Inc. v. Goomehn Retail LLC | California Northern District Court | 11/6/24 |
| Corsair Gaming, Inc. (pla) | 3:2024cv07759 | Corsair Gaming, Inc. v. Direct Choice Inc. | California Northern District Court | 11/7/24 |
| Corsair Gaming, Inc. (pla) | 4:2024cv08309 | Corsair Gaming, Inc. v. Sambi LLC | California Northern District Court | 11/21/24 |
| Corsair Gaming, Inc. | 5:2024cv08307 | Corsair Gaming, Inc. v. | California | 11/21/24 |

| | | | | |
|---|---|---|---|---|
| (pla) | | JJM Retail, LLC | Northern District Court | |
| Corsair Gaming, Inc. (pla) | 3:2024cv08297 | Corsair Gaming, Inc. v. DC Deals LLC | California Northern District Court | 11/21/24 |
| Corsair Gaming, Inc. (pla) | 3:2024cv09251 | Corsair Gaming, Inc. v. Pla | California Northern District Court | 12/19/24 |
| Corsair Gaming, Inc. (pla) | 5:2024cv09446 | Corsair Gaming, Inc. v. Brookwood Supplies LLC | California Northern District Court | 12/26/24 |
| Corsair Gaming, Inc. (pla, cd) | 5:2025cv00045 | Corsair Gaming, Inc. v. Choice Electronics Inc. | California Northern District Court | 1/2/25 |
| Corsair Gaming, Inc. (pla) | 3:2025cv00149 | Corsair Gaming, Inc. v. Shop 1-Click LLC | California Northern District Court | 1/6/25 |
| Corsair Gaming, Inc. (pla) | 5:2025cv00816 | Corsair Gaming, Inc. v. Lin | California Northern District Court | 1/23/25 |
| Corsair Gaming, Inc. (pla) | 4:2025cv01376 | Corsair Gaming, Inc. v. Forestdeals LLC | California Northern District Court | 2/10/25 |
| Corsair Gaming, Inc. (pla) | 3:2025cv02419 | Corsair Gaming, Inc. v. ReallyTech Corporation | California Northern District Court | 3/10/25 |
| Corsair Gaming, Inc. (pla) | 3:2025cv02443 | Corsair Gaming, Inc. v. Jazzer Shack LLC | California Northern District Court | 3/11/25 |
| Corsair Gaming, Inc. d/b/a CORSAIR (pla) | 3:2025cv03091 | Corsair Gaming, Inc. d/b/a CORSAIR v. GOODS AND MORE WHOLESALE LLC | California Northern District Court | 4/4/25 |
| Corsair Gaming, Inc. (pla) | 5:2025cv03132 | Corsair Gaming, Inc. v. JENNCO, LLC | California Northern District Court | 4/7/25 |
| Corsair Gaming, Inc. (pla) | 5:2025cv03238 | Corsair Gaming, Inc. v. SALES FOR YOU LLC | California Northern District Court | 4/10/25 |
| Corsair Gaming, Inc. (pla) | 3:2025cv03532 | Corsair Gaming, Inc. v. GRAND BARGAIN LTD. | California Northern District Court | 4/22/25 |

**11. Relief**

CORSAIR seeks the following relief:

A. Finding that, (i) as to Count I, Defendant's unauthorized sale of CORSAIR Products constitutes a false designation of origin, in violation of 15 U.S.C. § 1114; (ii) as to Count II, Defendant's false advertisement of CORSAIR Products constitutes false advertising, in violation of 15 U.S.C. § 1125(a); and (iii) as to Count III, Defendant's actions constitute a violation of California law, resulting in Defendant, its officers, agents, servants, employees, attorneys, and any other persons or entities acting in concert or participation with Defendant, including but not limited to any online platform such as Amazon.com or any other website, website host, website administrator, domain registrar, or internet service provider, being preliminarily and permanently enjoined from:

   i. Using or attempting to use, any of CORSAIR's intellectual property, including, but not limited to, the CORSAIR Marks;

   ii. Advertising, selling, or taking any steps to sell, any products bearing the CORSAIR Marks in an improper manner;

   iii. Engaging in any activity constituting unfair competition with CORSAIR; and

   iv. Inducing, assisting, or abetting any other person or entity in engaging in or performing any of the business activities described in the paragraphs above.

B. Award CORSAIR its damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and/or California Business and Professions Code § 17200 *et seq;*

C. Award CORSAIR Defendant's profits as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117 and/or California Business and Professions Code § 17200 *et seq*;

D. Award CORSAIR exemplary and punitive damages in an appropriate amount;

E. Enter judgment that Defendant's acts of infringement have been knowing and willful;

F. Award CORSAIR its reasonable attorneys' fees in bringing this action as allowed by law;

G. Award CORSAIR pre-judgment and post-judgment interest in the maximum amount allowed under the law;

H. Award CORSAIR the costs incurred in bringing this action; and

I. Award CORSAIR such other relief as this Court deems just and proper

GiftCash seeks the following relief against Corsair:

A. Compensatory Damages: For all actual damages sustained as a result of Corsair's intentional interference with contractual relations, defamation, trade libel, and unfair competition. These include—but are not limited to—lost sales, lost business opportunities, damage to platform access (e.g., Amazon), harm to business reputation, and disruption of business operations.

B. Consequential and Special Damages: For foreseeable harm caused by Corsair's interference and defamatory conduct, including lost future business, increased compliance costs, reputational rehabilitation expenses, and impaired goodwill.

C. Punitive and Exemplary Damages: Pursuant to California Civil Code § 3294, for Corsair's willful, malicious, and oppressive conduct, including knowingly submitting false complaints, abusing legal process, and engaging in a pattern of anti-competitive harassment.

D. Restitution and Disgorgement: For all wrongful gains Corsair obtained through its unfair competition, including any profits derived from suppressing competitors through improper takedown practices and legal threats.

E. Injunctive Relief:
   i. To restrain Corsair from filing takedown notices without prior factual substantiation;
   ii. To enjoin Corsair from contacting Amazon or other third parties with allegations about GiftCash's business without a good faith basis grounded in evidence;
   iii. To enjoin Corsair from initiating further legal proceedings against GiftCash without leave of court or factual certification.

F. Declaratory Judgment:
   i. Declaring that GiftCash's resale of Corsair-branded goods is lawful under the First Sale Doctrine;
   ii. Declaring that Corsair's allegations of counterfeit and non-genuine sales are false;
   iii. Declaring that GiftCash does not infringe Corsair's trademarks.

G. Attorneys' Fees and Costs: As permitted by statute (e.g., Cal. Civ. Code § 1021.5; Cal. Bus. & Prof. Code § 17200; or based on Corsair's bad faith under Lanham Act § 35(a), 15 U.S.C. § 1117).

H. Pre-Judgment Interest: On all monetary awards, from the date the harm occurred until entry of judgment, as permitted under federal and California law.

I. Post-Judgment Interest: On all monetary awards, calculated pursuant to 28 U.S.C. § 1961 or applicable California law, from the date of judgment until full satisfaction thereof.

J. Equitable Relief: Including any order required to restore GiftCash to the position it would have occupied but for Corsair's wrongful conduct, and any other measure necessary to prevent unjust enrichment.

K. Any Other Relief the Court Deems Just and Proper: GiftCash reserves the right to seek such other and further legal or equitable relief as the Court may find appropriate based on the evidence and evolving procedural posture of the case.

**12. Settlement and ADR**

The Parties agree that the case would benefit from an early settlement conference with a Magistrate Judge.

**13. Other References**

The Parties do not believe there is a need for a special master and do not believe referral of this action to binding arbitration is indicated or appropriate.

**14. Narrowing of Issues**

The Parties are not aware of any agreements that could narrow the issues.

**15. Scheduling**

The Parties propose the following dated for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial:

The Parties propose the following discovery plan:

|  | Parties Proposed Dates |
|---|---|
| Discovery-related Motions | October 31, 2025 |

| Fact Discovery Cutoff | December 12, 2025 |
|---|---|
| Expert Disclosures – Affirmative | February 13, 2026 |
| Expert Disclosures – Rebuttal | March 27, 2026 |
| Expert Discovery Cutoff | April 24, 2026 |
| Deadline to file MSJ | May 29, 2026 |
| Final Pretrial Conference | Court's Discretion |
| Jury Trial | 90 days after Final Pretrial Conference |

**16. Trial**

The Parties request a trial by jury of all issues so triable and believe that the estimated length of trial should last four days.

**17. Disclosure of Non-party Interested Entities of Persons**

CORSAIR and GiftCash have filed a Certification of Interested Entities or Persons required by Civil Local Rule 3-15 (ECF 5, 16), and restate their respective certifications as follows:

CORSAIR: No conflict or interest (other than the named parties) to report. CORSAIR is a publicly traded company on the NASDAQ stock exchange. No other publicly held entity owns 10 percent or more of the stock of CORSAIR.

GiftCash: No conflict or interest (other than the named parties) to report.

**18. Professional Conduct**

All counsel of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other**

CORSAIR is currently unaware of other matters that may facilitate the just, speedy, and inexpensive resolution of this action.

| | | |
|---|---|---|
| Dated: May 15, 2025 | | K&L GATES LLP |

By: */s/ Jason N. Haycock*
    Jason N. Haycock
    K. Taylor Yamahata

*Attorneys for Plaintiff and Counterclaim Defendant Corsair Gaming Inc.*

LAW OFFICES OF SETH W. WIENER

By: */s/ Seth W. Wiener*
    Reza Yassi (pro hac)
    Seth W. Wiener

*Attorneys for Defendant and Counterclaim-Plaintiff GiftCash Inc.*